UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE HARVEY KAMPS,

    Plaintiff,

v.                                                        Hon. Paul L. Maloney

BRITISH CROWN CORPORATON, et al.,        Case No. 1:25-cv-1458

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Bruce Harvey Kamps, proceeding pro se, filed his complaint in this case on November 14, 2025. Following the issuance of a deficiency order (ECF No. 3), Kamps paid the filing fee on December 5, 2025. Kamps is currently detained at the Kent County Correctional Facility. He does not clearly say why he is detained, but reading between the lines, it appears that he was arrested for operating a vehicle on a public road without a license and/or registration. (ECF No. 1 at PageID.2–3.)

    Although Kamps seeks damages and injunctive relief, including release from jail to care for his two dogs and eight puppies, the complaint reveals that it is not a serious attempt to assert a valid legal claim. Kamps sues an entity called British Crown Corporation, which he identifies as "Agent of the Pope (foreign sovereign);" the United States of America; the State of Michigan; the Cities of Wyoming, Grand Rapids, and Allegan; the Counties of Kent and Allegan; the 62-A, 57th and 61st Michigan District Courts, their administrators, clerks, and judges; the Judges Association of the foregoing courts; the Bar Association; and complaining witness parties in all incident police reports, named as John and Jane Does 1–1000. (ECF No. 1 at PageID.1.) He does not allege why

he sues any of these governmental entities or individuals. Many of them, including the United States, the State of Michigan, and the District Courts, are immune from Kamps's claims.

Although Kamps does not use the term sovereign citizen, it is clear that he adheres to some form of this ideology under which he believes that he is his own sovereign and not subject to the laws of the State of Michigan or the United States. For example, in the caption, he identifies himself as: (1) Bruce Harvey: House of Kamps; (2) Bruce Harvey Kamps©; and (3) BRUCE HARVEY KAMPS. He explains that the first designates "Michigan National – sovereign people;" the second is a "common law DBA" (doing business as); and the third is a "usufruct trust [of] unknown origin."[1] (*Id.* at PageID.2.) *See Cargill v. United States*, No. 25-175, 2025 WL 1218231, at *5 (Fed. Cl. Apr. 28, 2025) ("[P]laintiff repeatedly distinguishes between her 'natural' name (first letters capitalized) and her 'corporation' name (all capitals with a copyright sign), which is another sign of sovereign citizen beliefs."); *United States v. Heineman*, 790 F. Supp. 3d 753, 758 (N.D. Cal. 2024) ("Adherents of this [sovereign citizen] conspiracy identify themselves as trustees and executors for trusts, and intersperse copyright symbols, hyphenation, all capitals, and other bizarre punctuation in their names." (citing Michael Crowell, *A Quick Guide to Sovereign Citizens*, Univ. of N.C., Chapel Hill Administration of Justice Bulletin, (Nov. 10, 2013))); *Mack v. Sweet*, No. 4:17-cv-434, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017) (noting that "[i]t is common for sovereign citizens to utilize particular frivolous legal theories, such as claiming to copyright their own names"). "[S]overeign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'" *Brown v. Exeter Fin. LLC*, No. 3:21-cv-169, 2021 WL 4342336, at *5

---

[1] A usufruct "is the right to use and enjoy and receive the profits of property that belongs to another." 31 C.J.S. Estates § 2.

(N.D. Tex. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021) (quoting *Mack v. Sweet*, No. 4:17-cv-434, 2017 WL 6756667, at *3–4 (N.D. Tex. Dec. 4, 2017), *report and recommendation adopted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017)); *see also Cargill*, 2025 WL 1218231, at *5 ("Claims predicated on sovereign citizen theories are frivolous.").

Turning to the complaint, under the heading "Claims," Kamps says that he has included the "records, audio and video, and incident reports from the three District Courts named defendants herein[,]" as well as his "verified statement of fact enclosed herewith." (*Id.* at PageID.2.) He has submitted none of these things. Kamps further states, "[i]n each incident I was engaged in activity of common right and was detained/arrested under color of law and in violation of the North West [sic] Ordinance, the Constitution of America, 1789, and [T]itle 18 USC 241 – 242." (*Id.*) Kamps also says that in the referenced incidents, he was "subjected to a foreign commercial process designed to frame the case to preclude discovery of any presumptions defendants relied upon to create the illusion that I was subject to their jurisdiction[.]" (*Id.*) Kamps then sets forth a list of questions he describes as "Major Federal Questions." (*Id.* at PageID.3.) For example, Kamps asks, "Can an incorporated entity compel the general public to register their private automobile to that corporation?"[2] In another, he asks, "Can the Law of War and usufruct be used when no war has been declared by competent land and soil sovereign?" (*Id.*) Plainly, these questions are nonsense and do not allege any legal claim.

Time and again, courts have rejected as frivolous sovereign citizen arguments of the ilk Kamps raises here—that alleged sovereign status exempts compliance with state motor vehicle license, registration, and insurance laws. *See Perkins v. Ivey*, 772 F. App'x 245, 246 (5th Cir. 2019)

---

[2] According to Kamps, his use of the word "can=is it lawful for[.]" (*Id.*)

3

(denying "sovereign citizen" claims of no duty to have a driver's license or vehicle registration because the Supreme Court established "long ago that states may regulate the operation of all motor vehicles that drive within their borders," including the licensing and registration of drivers "pursuant to their constitutionally protected police power") (citing *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915)); *Soloe v. Fischer*, No. 3:23-cv-382, 2024 WL 4269770, at *2–3 (E.D. Tenn. Sept. 23, 2024) (dismissing as frivolous the plaintiff's claim for damages based on "his view that he is exempt from the requirement under Tennessee law that all drivers maintain a valid driver's license and proof of car insurance"); *Sposato v. Carey*, No. 5:23-CV-364, 2024 WL 637423, at *5 (N.D.N.Y. Feb. 15, 2024) (holding that the plaintiff's contentions that he did not need a New York State-issued driver's license or license plate and was not bound by the laws of New York due to his sovereign status and lack of consent to be bound by such laws "legally frivolous"); *Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019), *report and recommendation adopted*, 2019 WL 2250519 (W.D. Mich. May 24, 2019) (rejecting the sovereign citizen plaintiff's argument that he was exempt from the state-law requirement to have a driver's license); *Abdullah v. United States*, No. 1:16-cv-1290, 2017 WL 2485185, at *2 (W.D. Mich. May 17, 2017), *report and recommendation adopted*, 2017 WL 2472591 (W.D. Mich. June 8, 2017) ("[T]he sovereign citizen and other frivolous theories espoused by plaintiff have been repeatedly rejected by the federal courts and constitute a waste of court resources.").

In sum, because Plaintiff's entire action is premised on sovereign citizen ideology and lacks an arguable basis in fact or law, I recommend that the action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). For the same reason, dismissal is proper because the Court lacks subject matter jurisdiction over this matter. *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (recognizing that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Date:  December 10, 2025    /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge

     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).