UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE HARVEY KAMPS,<br>　　　　Plaintiff,<br><br>v.<br><br>BRITISH CROWN CORPORATION, *ET AL.*,<br>　　　　Defendants. | No. 1:25-cv-1458<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Berens's Report and Recommendation (R&R), (ECF No. 6), in which she recommended that the action be dismissed as frivolous. Plaintiff objected to the R&R. (ECF No. 7). The objections only confirm, rather than deny, the central conclusion of the R&R, which is that Plaintiff's claims are all rooted in the fantasy realm of sovereign citizen ideology. Rather than rebut the swath of legal authority cited by the Magistrate Judge, Plaintiff offers more of the same fiction, loosely inspired by the concept of law but not amounting to a specific objection to any part of the R&R. Plaintiff's objections will be overruled and the R&R will be adopted in full.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de

1

novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## II.

Plaintiff offers fantastical tales about pirates and foreign military occupations. The only specific objection he raises to anything in the R&R is the "assumption of me being arrested for a driving offense without facts in evidence." (ECF No. 7 at PageID.20). Of course, this is an assumption he confirms was justified in his objections. (*See id.* at PageID.19-20) (describing Plaintiff's arrest in his car after a police officer requested a drivers license which Plaintiff failed to produce).

Plaintiff concludes his objections requesting that the Court "honor its contract with me and reject the biased misrepresentations of my claims" in the R&R. (*Id.* at PageID.23). Plaintiff appears to believe that his payment of the filing fee for his complaint constitutes the formation of a contract entitling him to success on his claims, no matter how ridiculous. (*See id.* at PageID.19) ("I have a contract with this court to obtain that remedy fully paid in 405 dollars . . . ."). That conclusion is absurd on its face. As to the "biased misrepresentations"

in the R&R, the Court is left to guess which those might be. The objection is thus not specific enough, and does not warrant *de novo* review of anything in the R&R. *See Miller*, 50 F.3d at 380.

Of course, Plaintiff does raise his central argument that he is a "lawful person[] of the Union States," (ECF No. 7 at PageID.22), and that all existing national, state, and local governmental entities are corporations which lack sovereignty. In doing so, however, Plaintiff fails to respond to any of the myriad legal authority the Magistrate Judge cited indicating that this precise argument is so far removed from reality as to constitute nothing more than a waste of judicial resources. As an illustration of this, Plaintiff cites *Penhallow v. Doane's Administrators*, 3 U.S. 54 (1795), not for anything actually in that case, which concerns federal jurisdiction in prize cases, but for a fabricated quotation which posits that because governments are "abstractions" they cannot interact with "the tangible." (ECF No. 7 at PageID.21). A fake quote establishing a plainly false premise—people take tangible actions on behalf of abstract entities all the time—hardly gets Plaintiff anywhere.

### III.

Plaintiff fails to identify any error in the R&R. His arguments in the objection confirm, rather than deny, the R&R's central conclusion that Plaintiff's claims are rooted in sovereign-citizen ideology and frivolous. The R&R (ECF No. 6) is thus **ADOPTED**.

**IT IS SO ORDERED.**

Date:  January 7, 2026           /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge

3